# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JEAN JOCELYN MERILIEN,

               Petitioner,

v.

ANTOINE CALDWELL, Warden,

               Respondent.

1:10-cv-3232-WSD

## OPINION AND ORDER

This matter is before the Court on Petitioner Jean Jocelyn Merilien's ("Petitioner") Motion for Reconsideration [144]. Also before the Court is Petitioner's Motion for Copies to Prepare Appeal [143], Petitioner's Amended Emergency Motion for Copies for Appeals Purposes [146], and Petitioner's Motion to Change Warden Name [154].

## I.    BACKGROUND

On May 19, 2006, Petitioner, currently confined in Wilcox State Prison in Abbeville, Georgia, entered a negotiated guilty plea to two counts of malice murder, for which he received consecutive life sentences, and possession of a firearm during the commission of a crime, for which he received a consecutive five year sentence. ([14.2] at 1-2). Petitioner, a Haitian national, confessed to police

that, on October 30, 2004, he "shot and killed his wife, with an automatic rifle, in the house with his children present and then gunned down and killed his mother-in-law in the same house." ([14.2] at 6; [14.3] at 21, 24-34). Petitioner did not appeal. ([96] at 2). On December 6, 2006, Petitioner filed a motion to withdraw his guilty plea, which on December 12, 2007, the court dismissed for lack of jurisdiction. ([14.2] at 2). On August 24, 2007, Petitioner filed a state habeas petition, which was denied on December 11, 2009. ([14.2] at 1). On September 7, 2010, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. ([14.4] at 1).

On October 7, 2010, Petitioner filed his original Section 2254 petition. ([1] at 32). As required by the Magistrate Judge's order, ([94] at 1-2), on May 10, 2014, Petitioner submitted his amended petition. On April 10, 2017, the Magistrate Judge issued his Final Report and Recommendation [130] ("Final R&R") recommending that the petition be denied. On June 9, 2017, the Court adopted the Magistrate Judge' Final R&R and denied Petitioner's Section 2254 petition. ([141] at 27). The Court found that the Georgia Supreme Court's adjudication of Petitioner's claims regarding ineffective assistance of trial counsel, pre-guilty plea errors, and voluntariness of his guilty plea warranted deference. ([141] at 17-20). The Court also rejected Petitioner's claim of actual innocence,

which he argued allowed his procedurally barred claims to be considered. ([141] at 23). The Court held that Petitioner failed to provide reliable proof of actual innocence, and Petitioner's purported proof of actual innocence did not establish that it was more likely than not that no reasonable juror would have convicted Petitioner. ([141] at 25).

On June 22, 2017, Petitioner filed his Motion for Reconsideration. In it, Petitioner argues that the Court overlooked "newly discovered evidence" filed as exhibits to his Amended Habeas Petition [96] to support his claim of actual innocence, including Plaintiff's Nextel cell phone records and affidavits and testimony from Leonie Cadet Merilien, Marie Veronique Merilien, Detective Brever Thomas, Assistant District Attorney Paul Stalcup's testimony. ([144] at 1-16).

## II. DISCUSSION

### A. Legal Standard

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). The Court does not reconsider its orders as a matter of routine practice. LR 7.2 E., NDGa.

The Court's Local Rules require the parties to file motions for reconsideration "within twenty-eight (28) days after entry of the order or judgment." Id.

Petitioner appears to seek reconsideration pursuant to Rule 59(e). Motions for reconsideration under Rule 59(e) are appropriate only where there is newly-discovered evidence[1] or a need to correct a manifest error of law or fact. See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (citing Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)); Arthur, 500 F.3d at 1343 ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."); Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).[2]

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence

---

[1] Evidence that could have been discovered and presented on the previously-filed motion is not newly discovered. See Arthur v. King, 500 F.3d 1335, 1343-44 (11th Cir. 2007); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

[2] Motions for reconsideration under Rule 60(b) are appropriate only where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. Fed. R. Civ. P. 60(b).

that could have been presented in the previously-filed motion. See Arthur, 500 F.3d at 1343; O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is within the sound discretion of the district court. See Region 8, 993 F.2d at 806.

B.  Analysis

Petitioner does not present any newly discovered evidence, change in controlling law, or need to correct a clear error of law or fact to support his Motion for Reconsideration. Petitioner's argument in his Motion for Reconsideration is based on evidence previously presented to the Court. (See [96] at Ex. 6). The factual support Petitioner presented consists of exhibits attached to his Amended Habeas Petition [96], which the Court reviewed and considered when it adopted the Magistrate Judge's Final R&R on June 9, 2017. Petitioner may not again make

5

arguments and present evidence previously heard and dismissed by the Court.

Petitioner's Motion for Reconsideration is denied.[3, 4]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Copies to Prepare Appeal [143] and Amended Emergency Motion for Copies for Appeals Purposes [146] are **GRANTED** as to documents and exhibits at [61], [65], and [76].

**IT IS FURTHER ORDERED** that Petitioner's Motion to Change Warden Name [154] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner Jean Jocelyn Merilien's Motion for Reconsideration [144] is **DENIED.**

---

[3] In his Motion for Copies to Prepare Appeal and Amended Emergency Motion for Copies for Appeals Purposes, Petitioner requests free copies of documents and exhibits at [57], [61], [62], [65], 76], and [96]. On September 22, 2017, the documents at [57], [62], and [96] were mailed to Petitioner by a clerk as a result of Petitioner's phone request. The Court grants Petitioner's request as to the remaining documents and exhibits requested in his motions, including those at [61], [65], and [76]. To the extent Petitioner requests additional free copies the Court directs Petitioner to mail his request to the U.S. District Court Clerk's Office, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309. Petitioner should state which document entries he requests. He will be required to pay copying costs of $0.50 per page pursuant to the miscellaneous fees set by the Judicial Conference. If Plaintiff has access to a computer, he may also obtain an account through https://www.pacer.gov/ to view and copy documents in this case.

[4] Petitioner's Motion to Change Warden Name is denied as moot. This action was dismissed on June 9, 2017.

**SO ORDERED** this 5th day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE